UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| RUBEN HUSU, Individually and On Behalf of All Others Similarly Situated, | **No. 3:11-cv-00375** |
| Plaintiffs, | CLASS ACTION |
| v. | |
| MILLER ENERGY RESOURCES INC. f/k/a MILLER PETROLEUM, INC., SCOTT M. BORUFF, and PAUL W. BOYD, | Judges Varlan/Shirley |
| Defendants. | |
| STEVEN ARLOW, Individually and On Behalf of All Others Similarly Situated, | **No. 3:11-cv-00386** |
| Plaintiffs, | CLASS ACTION |
| v. | |
| MILLER ENERGY RESOURCES INC. f/k/a MILLER PETROLEUM, INC., SCOTT M. BORUFF, and PAUL W. BOYD, | Judges Varlan/Shirley |
| Defendants. | |
| JAMES D. DICENSO, Individually and On Behalf of All Others Similarly Situated, | **No. 3:11-cv-00387** |
| Plaintiffs, | CLASS ACTION |
| v. | |
| MILLER ENERGY RESOURCES INC. f/k/a MILLER PETROLEUM, INC., DELOY MILLER, PAUL W. BOYD, SCOTT M. BORUFF, and DAVID VOYTICKY, | Judges Varlan/Shirley |
| Defendants. | |
| BRANDON W. WARD, Individually and On Behalf of All Others Similarly Situated, | **No. 3:11-cv-00391** |

|  | ) | CLASS ACTION |
| --- | --- | --- |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judges Varlan/Shirley |
| | ) | |
| MILLER ENERGY RESOURCES INC. f/k/a MILLER PETROLEUM, INC., SCOTT M. BORUFF, and PAUL W. BOYD, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

| YINGTAO LIU, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | **No. 3:11-cv-00397** |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) | |
| MILLER ENERGY RESOURCES INC. f/k/a MILLER PETROLEUM, INC., SCOTT M. BORUFF, PAUL W. BOYD, DELOY MILLER, DAVID VOYTICKY, HERMAN GETTLEFINGER, JONATHAN S. GROSS, DAVID M. HALL, MERRILL A. MCPEAK, CHARLES STIVERS, and DON A. TURKLESON | ) ) ) ) ) ) ) ) ) ) | Judges Varlan/Shirley |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THE MOTION BY CYRIL OLEVSKY AND SHULAMITH
APPELL FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS
LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD AND LIAISON COUNSEL**

Cyril Olevsky ("Olevsky") and Shulamith Appell ("Appell") respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all actions filed in the Eastern District of Tennessee in the above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); (2) appointing Olevsky and Appell as Lead Plaintiffs on behalf of all persons who purchased or otherwise acquired Miller Energy Resources, Inc. ("Miller") securities during the Class Period; (3) approving Lead Plaintiffs' selection of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and The Rosen Law Firm P.A. ("Rosen") as Co-Lead Counsel and Bramlett Law Offices as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

At least five securities class actions[1] have been filed in the Eastern District of Tennessee. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiffs the movants who possess the largest financial interest in the outcome of the action and who otherwise satisfy the requirements

---

[1] The actions are entitled: *Husu v. Miller Energy Resources Inc. et al.*, 11-cv-0375; *Arlow v. Miller Energy Resources Inc. et al.*, 11-cv-0386; *DiCenso v. Miller Energy Resources Inc. et al.*, 11-cv-0387; *Ward v. Miller Energy Resources Inc. et al.*, 11-cv-0391; and *Liu v. Miller Energy Resources Inc. et al.*, 11-cv-0397. The *Husu* action is on behalf of all persons who purchased or otherwise acquired Miller securities between March 10, 2010 and August 1, 2011. The *Arlow* action is on behalf of all persons who purchased or otherwise acquired Miller securities between December 21, 2009 and August 8, 2011. The *DiCenso* action is on behalf of all persons who purchased or otherwise acquired Miller securities between March 22, 2010 and August 1, 2011. The *Ward* action is on behalf of all persons who purchased or otherwise acquired Miller securities between February 1, 2010 and August 1, 2011. The *Liu* action is on behalf of all persons who purchased or otherwise acquired Miller securities between December 16, 2009 and August 1, 2011. Accordingly, the longest possible class period based on the filed actions is December 16, 2009 through August 8, 2011 (the "Class Period").

of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Olevsky and Appell believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiffs in this action. Olevsky and Appell have the largest financial interest in the relief sought in this action by virtue of their substantial investments in Miller securities during the Class Period, and the losses they suffered as a result of Defendants' misconduct. Olevsky and Appell further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate representatives of the Class whose claims are typical of the other Class members. Accordingly, Olevsky and Appell respectfully submit that they should be appointed Lead Plaintiffs.

## STATEMENT OF FACTS

Miller is an oil and gas exploration, production, and drilling firm. The Company operates in the Southern Appalachian Basin and Alaska.

On July 28, 2011, analysts Melissa Davis and Janice Shell of *TheStreetSweeper* issued an article questioning the Company's valuation of certain assets. Citing a number of sources, including interviews with industry experts, Shell and Davis stated that Miller and its officers and directors had fraudulently overstated the value of such assets. On this news, Miller shares plummeted $2.63 or more than 37% in two consecutive trading sessions, to close at $4.41 on July 29, 2011.

On August 1, 2011, Miller disclosed that its annual report on Form 10-K, filed just three days earlier, should no longer be relied upon as the "10-K was filed with the SEC on July 29, 2011, prior to KPMG LLP completing its review of the annual report and issuing their independent accountants' report on the financial statements." On these revelations, Miller

shares declined an additional $1.04 or more than 23.5% in two consecutive trading sessions, to close at $3.37 on August 2, 2011.

On August 9, 2011, Miller disclosed that for the fiscal quarters ended July 31, 2010 and October 31, 2010, it "failed to properly record depletion, depreciation and amortization expense related to leasehold costs, wells and equipment, fixed assets and asset retirement obligations and did not properly record the state tax credits expected from our Alaska operations." Moreover, for the fiscal quarter ended January 31, 2011, the Company had "inappropriately recorded revenue on a gross basis for overriding royalty interests." On these additional revelations, Miller shares declined an additional $0.37 or more than 13%, to close at $2.36.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the value of the Alaskan assets acquired by the Company were substantially less than claimed by the Company; (2) the Company improperly accounted for depletion, depreciation and amortization expenses related to leasehold costs, wells and equipment, fixed assets and assets retirement obligations and did not properly record the state tax credits expected from its Alaska operations; (3) the Company improperly recognized revenues on a gross basis for overriding royalty interests rather than recording revenue on a net basis; (4) the Company failed to record sufficient compensation expenses on equity awards; (5) the Company improperly calculated the liability for its derivative instruments; (6) the Company lacked adequate internal and financial controls; and (7) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all relate to, among other things, the Company's improperly valuation of certain assets and recognition of revenues and expenses. Accordingly, consolidation of the related actions is appropriate. *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions which all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

### II. OLEVSKY AND APPELL SHOULD BE APPOINTED LEAD PLAINTIFFS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiffs filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as

practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiffs and shall presume that plaintiff is the person or group of persons, that:

>  (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>  (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, Olevsky and Appell satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### A. <u>Olevsky and Appell Are Willing to Serve as Lead Plaintiffs</u>

On August 12, 2011, counsel in the first-filed action, *Husu v. Miller Energy Resources, Inc.*, Case No.3:11-cv-00375, caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Miller securities that they had until October 11, 2011, to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Paul K. Bramlett in Support of the Motion by Olevsky and Appell for Consolidation of Related Actions,

Appointment as Lead Plaintiffs and Approval of Co-Lead and Liaison Counsel ("Bramlett Decl."), Ex. A.

Olevsky and Appell have filed the instant motion pursuant to the Notice, and have attached certifications attesting to their willingness to serve as representatives for the Class and provide testimonies at deposition and trial, if necessary. *See* Bramlett Decl., Ex. B. Accordingly, Olevsky and Appell satisfy the first requirement to serve as Lead Plaintiffs or the Class.

### B. Olevsky and Appell Have The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

At the time of the filing of this motion, Olevsky and Appell believe that they have the largest financial interest of any of the movants with regard to the relief sought by the Class. Olevsky (1) purchased 15,000 shares of Miller securities; (2) spent $80,211 on his purchases of Miller securities; (3) retained 11,000 shares on August 2, 2011; and (4) as a result of the disclosures of the fraud, Olevsky suffered a loss of $24,710. Appell (1) purchased 15,000 shares of Miller securities; (2) spent $91,003 on her purchases of Miller securities; (3) retained all of her Miller securities at the end of the Class Period; and (4) as a result of the disclosures of the fraud, Appell suffered a loss of $47,113. In total, Olevsky and Appell suffered losses of $71,823 as a result of the disclosures of the fraud. *See* Bramlett Decl., Ex. C. *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997). *Accord In re Am. Serv. Group, Inc. et al.,* 2006 U.S. Dist. LEXIS 61779, at *10 (M.D. Tenn. Aug. 28, 2006). Because Olevsky

possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Olevsky and Appell Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at

large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id. See In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Danis*, 189 F.R.D. at 395.

Olevsky's and Appell's claims are typical of those of the Class. They allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Miller, or omitted to state material facts necessary to make the statements they did make not misleading. Olevsky and Appell, as did all members of the Class, purchased Miller securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)). *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 405 (M.D. Tenn. 1996) (indicating that the district courts in the Sixth Circuit weights two criteria to determine the adequacy of the representation: "'1) the representative must have common interests with the unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class

through qualified counsel.'") (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976)).

Olevsky and Appell are adequate representatives for the Class. There is no antagonism between their interests and those of the Class and their losses demonstrate that they have sufficient interests in the outcome of this litigation. Moreover, they have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### C. Olevsky and Appell Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Olevsky and Appell as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Olevsky's and Appell's ability and desire to fairly and adequately represent the Class have been discussed above. Olevsky and Appell are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Olevsky and Appell should be appointed Lead Plaintiffs for the Class.

### II. LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead

Plaintiffs' selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Olevsky and Appell have selected the Pomerantz law firm and the Rosen law firm as Co-Lead Counsel and the Bramlett law firm as Liaison Counsel. The Pomerantz and Rosen firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. *See* Bramlett Decl., Exhibits D and E. Similarly, the Bramlett law firm has acted as liaison counsel and successfully prosecuted federal securities litigation. *See* Bramlett Decl., Ex. F. As a result of each firm's extensive experience in litigation involving issues similar to those raised in this action, counsels for Olevsky and Appell have the skill and knowledge necessary to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Olevsky's and Appell's selection of Co-Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Olevsky and Appell respectfully request the Court to issue an Order (1) consolidating the related actions; (2) appointing Olevsky and Appell as Lead Plaintiffs for the Class; (3) approving the Pomerantz and Rosen firms as Co-Lead Counsel and the Bramlett law firm as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: October 11, 2011
      Nashville, Tennessee

                              Respectfully submitted,

                              BRAMLETT LAW OFFICES

PAUL K. BRAMLETT #7387

By: /s/ PAUL KENT BRAMLETT
PAUL KENT BRAMLETT #7387
2400 Crestmoor Road
P.O. Box 150734
Nashville, TN 37215-0734
Telephone: 615-248-2828
Facsimile: 866-816-4116
PKNASHLAW@AOL.COM

POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184

THE ROSEN LAW FIRM P.A.
Laurence Rosen
Phillip Kim
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

Counsel for Movants and Proposed Co-Lead and
Liaison Counsel for the Class

## CERTIFICATE OF SERVICE

      This is to certify that I have filed the above and foregoing *Memorandum of Points and Authorities In Support of the Motion of Cyril Olevsky and Shulamith Appell For Consolidation of Related Actions, Appointment As Lead Plaintiffs and Approval of Co-Lead and Liaison Counsel* on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing, as follows:

Stephen A. Marcum
STANSBERRY, PETROFF, MARCUM & BLAKLEY, PC
3 Courthouse Square
PO Box 240
Huntsville, TN 37756
Telephone: 423-663-2321
Facsimile: 423-663-231

Lawrence P. Leibowitz
Jennifer Knapp Hemmelgarn
LEIBOWITZ LAW FIRM, PLLC
608 South Gay Street, Suite 200
Knoxville, TN 37902-1637
Telephone: 865-637-1809

      SO CERTIFIED this 11th day of October, 2011.

                                            s/*PaulKentBramlett*
                                            PAUL KENT BRAMLETT

14
Case 3:11-cv-00375   Document 6   Filed 10/11/11   Page 14 of 14   PageID #: 69